IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DECARLOS MAJORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:10-0838 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| BAIN CAPITAL PARTNERS, LLC, | ) |
| BURLINGTON COAT FACTORY | ) |
| WAREHOUSE CORPORATION, and | ) |
| BURLINGTON COAT FACTORY | ) |
| DIRECT CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court, *sua sponte*, with regard to an issue concerning this Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.,* 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Defendants removed this action from the Circuit Court for Davidson County, averring that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship). Docket No. 1. The Notice of Removal identifies Plaintiff as a citizen of Nashville. Defendants Burlington Coat Factory Warehouse Corporation and Burlington Coat Factory

Corporation are identified as "foreign corporations" with their principal places of business in Burlington, New Jersey. Defendant Bain Capital Partners, LLC, is identified as "a Delaware corporation with its principal place of business in Massachusetts."

Even though Defendant Bain is identified as a "corporation," it appears to be a limited liability company. The Sixth Circuit has held that the citizenship of a limited liability company is determined by the citizenship of its members, and not by reference to the laws of the state in which it is incorporated or the state in which it has its principal place of business. *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). Thus, the allegations with regard to Bain Capital Partners, LLC are insufficient to establish the citizenship of that entity.

Diversity jurisdiction has two components: (1) citizenship of the parties, and (2) the amount in controversy requirement. Even if the parties are citizens of different states, the Court does not have jurisdiction of this action unless the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). Plaintiff's original Complaint, filed in state court, does not specify a particular amount in controversy; instead, the original Complaint seeks damages "in an amount in excess of $5,000.00 . . . ." Docket No. 1-1, p. 3. While Plaintiff amended his Complaint after this action was removed to seek damages in the amount of $50,000 (Docket No. 13, p. 3), the propriety of removal is determined at the time of removal. *See Rogers v. Wal-mart Stores, Inc.,* 230 F.3d 868 (6th Cir. 2000); *Baldridge v. Kentucky-Ohio Transp., Inc.,* 983 F.2d 1341 (6th Cir. 1993).

In this removal case, the burden is on Defendants to show by a preponderance of the evidence that, at the time this action was removed, the amount in controversy exceeded $75,000. *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 572 (6th Cir. 2001). The burden of

establishing the existence of diversity jurisdiction, including the citizenship of the parties, also rests upon Defendants, who have removed the case and invoked the Court's jurisdiction. *Long v. Bando, Mfg., of Am., Inc.,* 201 F.3d 754, 757 (6th Cir. 2000).

Within twenty (20) days of the entry of this Order, Defendants shall file a Response to this Order addressing the points discussed above and establishing that the Court does, in fact, have subject matter jurisdiction over this action. Plaintiff may file a Reply to Defendants' Response within fifteen (15) days of the filing of Defendants' Response.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge