IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DECARLOS MAJORS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:10-0838 |
| | ) JUDGE TRAUGER/KNOWLES |
| BAIN CAPITAL PARTNERS, LLC, | ) |
| BURLINGTON COAT FACTORY | ) |
| WAREHOUSE CORPORATION, and | ) |
| BURLINGTON COAT FACTORY | ) |
| DIRECT CORPORATION, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On November 5, 2010, the undersigned entered an Order requiring Defendants to establish the existence of subject matter jurisdiction in this removed action. Docket No. 18. The Order noted that, while the removal was based upon diversity of citizenship, Defendants had not provided sufficient allegations with regard to Defendant Bain Capital Partners, LLC, to establish the citizenship of that entity. The Order also noted that Plaintiff's original Complaint, filed in state court, did not specify a particular amount in controversy, although Plaintiff amended his Complaint after the action was removed to seek damages in the amount of $50,000. Docket No. 18, p. 2. The Order further noted that the propriety of removal is determined at the time of removal. *Id.*

On November 16, 2010, Defendants filed a "Response to Court's Order of November 5, 2010." Docket No. 21. That Response states in relevant part, "defendants respectfully advise

the Court that they are not in a position to represent to the Court that the amount in controversy exceeds $75,000, and do not object to a remand back to the state court." Docket No. 21, p. 2.

For the foregoing reasons, it appears that this Court lacks subject matter jurisdiction. The undersigned recommends, therefore, that this action be remanded to the Circuit Court for Davidson County, from which it was removed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge